GLD-341                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2520
_____

BRIAN T. CHRISTIE,
                                        Appellant

v.

PRESIDENT OF THE UNITED STATES OF AMERICA.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00596)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: July 29, 2013)
_____

OPINION
_____

PER CURIAM

    Brian Christie, pro se, appeals from the District Court's sua sponte dismissal of his

complaint for lack of subject matter jurisdiction.  Appellee, the President of the United

States, moves for summary action pursuant to Local Appellate Rule 27.4. For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

Christie's complaint alleged that President Barack Obama has committed, and continues to commit, high treason against the United States in various ways.[1] The District Court dismissed the complaint because Christie lacked standing, among other reasons. The District Court also denied leave to amend as futile.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. See Berg v. Obama, 586 F.3d 234, 238 (3d Cir. 2009). We take the factual allegations of Christie's complaint as true in assessing whether he has met his burden to establish standing. See id. (citations omitted).

To have standing under Article III, a plaintiff must have an injury-in-fact which is 1) concrete and particularized to him, and 2) actual or imminent, as opposed to merely potential. See id. at 239 (quotation omitted). An injury is not sufficiently particularized if, assuming it exists, it would be "shared in substantially equal measure by all or a large class of citizens." Id. Merely asserting every citizen's "interest in proper application of the Constitution and laws" is insufficient to confer Article III standing to a plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992).

---

[1] Christie's complaint and a document attached to his notice of appeal (which could be viewed as an attempt to amend his complaint) list a series of unrelated, current political controversies without any indication of Christie's personal involvement, other than his status as a U.S. citizen.

All of Christie's allegations suffer from this lack of identifying a particularized injury. He asserted that President Obama took actions against, and refused to act for, the best interests of the United States, and that Christie was thereby injured as a citizen of this country. In a document attached to his notice of appeal, Christie urges this Court to adjudicate his complaint because "Without our law and Constitution we have nothing!" Unfortunately for Christie, it is the Constitution that precludes us from adjudicating his case. "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013). There is no general, citizen standing to challenge government actions. [2] See Lujan, 504 U.S. at 573-74.

Because we agree with the District Court that Christie lacked standing, we need not reach the alternative grounds for dismissal raised by the District Court. The District Court dismissed Christie's original complaint, but did not give him an opportunity to amend because it held doing so would be futile. We agree with the District Court that amendment would have been futile. Accordingly, it was not an abuse of discretion to deny leave to amend Richard's complaint. See In re New Jersey Title Ins. Litig., 683 F.3d 451, 462 (3d Cir. 2012) (holding it was not an abuse of discretion to deny leave to amend where complaint was properly dismissed for lack of standing).

---

[2] The District Court characterized Christie's complaint as seeking a general taxpayer standing. As the District Court correctly held, merely being a taxpayer is generally insufficient to confer standing to challenge a government action. See Lujan, 504 U.S. at 574; Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 593 (2007).

3

For the reasons given, we grant the President's motion for summary action, and will summarily affirm the judgment of the District Court.